Iris HOWARD, Petitioner,

v.

**Henry GARVIN, Superintendent, Mid–Orange Correctional Facility, Respondent.**

No. 93 Civ. 5810 (VLB).

United States District Court, S.D. New York.

Feb. 18, 1994.

Iris Howard, pro se.

Judith D. Schultz, Asst. Dist. Atty., White Plains, NY, for respondent.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

Petitioner Iris Howard was convicted on April 9, 1987 of robbery, grand larceny and unauthorized use of a motor vehicle. Petitioner seeks *habeas corpus* relief from that conviction under 28 U.S.C. § 2254. The petition is denied.

Petitioner's conviction was affirmed by the Appellate Division, Second Department on June 18, 1990, 556 A.2d 940. The Appellate Division held (a) that where an emergency exists at a crime scene, police can put questions to persons present without previously giving *Miranda* warnings and that this was such a case, and (b) that failure to give petitioner advance notice concerning such evidence under state law was harmless.

II

Failure to provide a warning pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), may be raised on a petition for *habeas corpus* under 28 U.S.C. § 2254 where such a warning was necessary to admissibility of statements of the accused used at trial. *Withrow v. Williams*, —— U.S. ——, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993).

*New York v. Quarles*, 467 U.S. 649, 657–58, 104 S.Ct. 2626, 2632, 81 L.Ed.2d 550 (1984), however, held that *Miranda* warnings were not required prior to questioning during an emergency situation at a crime scene:

> We conclude that the need for answers to questions in a situation posing a threat to the public safety outweighs the need for the prophylactic rule protecting the Fifth Amendment's privilege....

The Court continued:

We decline to place officers ... in the untenable position of having to consider, often in a matter of seconds, whether it best serves society for them to ask the necessary questions without the *Miranda* warnings ... or for them to give the warnings ... but possibly damage or destroy their ability to obtain that evidence and neutralize the volatile situation confronting them.

*Quarles* reflects the reality that the Constitution "is not a suicide pact," *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 160, 83 S.Ct. 554, 563, 9 L.Ed.2d 644 (1963).

■ In the present case, at approximately 5 AM on a Saturday morning police were confronted with an alleged robbery at a social club involving holding of hostages; many patrons were inside the club and a large crowd was outside. Witnesses at the scene identified petitioner as a perpetrator. Police did not ask petitioner questions relating to what petitioner had done, but focused on who else was present who might threaten police or others at the scene—how many people were with petitioner and how many people were in the club? Petitioner replied that there were two more men that were with him inside the club. See Tr. Book 1 at 343–55; Book 2 at 312–22.

Obtaining this information at once was urgently necessary for immediate public safety, even though also potentially indicative of guilt. The existence of the latter side-effect can hardly forbid the pursuit of the primary objective—public safety.

Petitioner has made no showing that the response to the officer's question was coerced. Petitioner has cited no authority in any way diluting the holding of *Quarles* or suggesting that *Miranda* warnings have ever been recognized as independent constitutional rights; instead they constitute important prophylactic means of preventing coerced confessions from being secured through abusive custodial interrogation. Neither the Fifth Amendment privilege nor the underlying objectives of *Miranda* were violated.

1. Petitioner's challenge to the original arrest appears not to have been pursued in state court, thus precluding relief from being granted on that ground under 28 U.S.C. § 2254(b). The issue is

### III

■ Petitioner's challenge to the arrest at the scene of the crime ignores the fact that petitioner's conviction, not the original arrest, is the basis of petitioner's confinement. Claimed deficiencies in preliminary steps which do not affect the validity of the conviction cannot support vacatur of that conviction. *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986). Crimes can, indeed, be prosecuted based on indictments without the necessity for an arrest. *John v. People of the State of New York,* 1992 WL 261282, 1992 U.S. Dist. LEXIS 15113 (S.D.N.Y.1993). Error, if any were committed at that stage, would be harmless. See generally *Brecht v. Abrahamson,* — U.S. ——, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).[1]

### IV

Petitioner's remaining claims require no detailed discussion. Petitioner argues that the prosecutor failed to give advance notice called for by state law that petitioner's statement at the crime scene would be used. This contention, rejected by the Appellate Division under state law, raises no federal question.

■ Petitioner argues that confusing statements of law by the prosecutor in summation regarding when reasonable doubt remains relevant were prejudicial, but the court promptly told the jury that only the judge would instruct jurors on the law; the prosecutor's comments were corrected by explicit instructions as follows:

I charged you on the very first day that the defendant is presumed innocent. This presumption follows him up and until if ever 12 of you have decided in the jury room that his guilt has been proven beyond a reasonable doubt from the credible evidence and the law.

Tr. Book 3 at 134–35.

■ Petitioner also criticizes the prosecution's argument to the jury that petitioner's

reached here, however, because its prompt resolution is in the interest of federalism. See *Washington v. James,* 996 F.2d 1442 (2d Cir.1993).

statement to the police amounted to a confession; the jury was best suited to accept or reject such an inference depending upon all the evidence.

Petitioner further argues that the alleged improprieties discussed above violate equal protection as well as due process guarantees. No denial of federal rights has been established.

## V

 Because of the lack of merit of petitioner's contentions, any appeal would not be brought in good faith; consequently, neither an application to proceed *in forma pauperis* under 28 U.S.C. § 1915 nor an application for a certificate of probable cause under Fed. R.App.P. 22 can be granted.

SO ORDERED.